UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                         CASE NO. 3:13-cv-280 (VAB)

LEONID POLLAK,
    Defendant.

**RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In this case, Plaintiff, the United States of America, seeks to collect unpaid federal income tax, interest, and penalties in the amount of $178,941.36 from the Defendant, Leonid Pollak. Compl., ECF No. 1. Before the Court is Plaintiff's Motion for Summary Judgment on all counts. Pl.'s Mot. for Summ. J., ECF No. 12. For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff seeks federal income taxes owed by Mr. Pollak to the Internal Revenue Service ("IRS") for the years 1997, 2000, 2001, and 2003. For each of these years, the IRS made a tax assessment by preparing a signed summary record, known as a Form 23C. *United States v. Sitka*, No. 2:90CV00268(AHN), 1994 WL 389473, at *3 (D. Conn. May 19, 1994); *see* Ex. 5, Bishop Decl. ¶¶ 3, 6. In addition, Plaintiff has submitted as evidence, the Form 4340, which is a "certificate of assessments and payments" that the IRS prepared for each of the four years. *Sitka*, 1994 WL 389473, at *3; *see* Ex. 1, 1997 Form 4340; Ex. 2, 2000 Form 4340; Ex. 3, 2001 Form 4340; Ex. 4, 2003 Form 4340. All of these Forms 4340 contain 23C signature dates, indicating the date on which the IRS assessed the various owing taxes and penalties.

1

Mr. Pollak filed an income tax return on April 4, 2000 for the 1997 tax year, which resulted in the IRS assessing a tax liability of $67,985 on June 5, 2000. Pl.'s 56(a)(1) Stmt. ¶ 1, ECF No. 13; Ex. 1, 1997 Form 4340 at 1. The Form 4340 reflects a payment or credit in that amount to the IRS occurred on July 19, 2000. Ex. 1, 1997 Form 4340 at 1. On May 2, 2005, the IRS assessed additional income tax due for the 1997 year in the amount of $13,675 plus $1,351 in interest. *Id.* at 5. The assessment notes "TAX ASSESSED-REVERSAL OF PRIOR CARRYBACK." *Id.* Mr. Pollak contends that this assessment was caused by the IRS disallowing a net operating loss carryback for the 1997 year, which "reinstat[ed] a portion of [his] original 1997 tax liability" that had originally been assessed on June 5, 2000. Pollak Aff. ¶¶5-7. The Plaintiff does not dispute this characterization. Including accruals of interest and penalties, as of July 28, 2014, Mr. Pollak owed $23,616.48 for the 1997 tax year. Ex. 5, Bishop Decl. ¶3; Pl.'s 56(a)(1) Stmt. ¶11, ECF No. 13.

Mr. Pollak filed an income tax return for the 2000 tax year on July 7, 2002, which resulted in the IRS assessing a tax liability of $26,633 plus various penalties and interest on August 19, 2002. Pl.'s 56(a)(1) Stmt. ¶ 4, ECF No. 13; Ex. 2, 2000 Form 4340 at 1. Including accruals of interest and penalties, as of July 28, 2014, Mr. Pollak owed a total of $77,879.32 for the year 2000. Ex. 5, Bishop Decl. ¶3; Pl.'s 56(a)(1) Stmt. ¶11, ECF No. 13. Mr. Pollak requested a collection due process hearing on this assessment. Ex. 5, Bishop Decl. ¶ 7. The decision upholding the IRS's assessment was mailed to Mr. Pollak on June 20, 2003, and he did not appeal the decision. Pl.'s 56(a)(1) Stmt. ¶ 6, ECF No. 13.

Mr. Pollak filed an income tax return on December 23, 2003 for the 2001 tax year, which resulted in an assessment by the IRS on March 8, 2004 that Mr. Pollak owed $26,556 plus various penalties and interest. Pl.'s 56(a)(1) ¶ 6, ECF No. 13; Ex. 3, 2001 Form 4340, at 1.  Including accruals of interest and penalties, as of July 28, 2014, Mr. Pollak owed a total of $72,068.85 for the year 2001.  Ex. 5, Bishop Decl. ¶3; Pl.'s 56(a)(1) Stmt. ¶11, ECF No. 13..

Mr. Pollak filed an income tax return for the year 2003 on November 28, 2004, which resulted in the IRS assessing on December 27, 2004 that Mr. Pollak owed $2,191 plus penalties and interest for the year.  Pl.'s 56(a)(1) ¶¶ 8-9, ECF No. 13; Ex. 4, 2003 Form 4340 at 2.  Including accruals of interest and penalties, as of July 28, 2014, Mr. Pollak owed a total of $5,376.71 for this year.  Ex. 5, Bishop Decl. ¶3; Pl.'s 56(a)(1) Stmt. ¶11, ECF No. 13.

Plaintiff initiated this action on February 28, 2013, seeking a judgment for taxes, interest, and other statutory additions owed by Mr. Pollak for the years 1997, 2000, 2001, and 2003.  Compl., ECF No. 1.  Defendant filed an Answer on June 27, 2013, ECF No. 8, objecting to the claims on the following three grounds: (1) that the Plaintiff did not send proper notice of the assessment and a demand for payment, (2) that the assessment was improperly calculated, and (3) that the statute of limitations barred claims on 2002 assessments.

Plaintiff's Motion for Summary Judgment was filed on July 31, 2014.  Pl.'s Mot. for Summ. J., ECF No. 12.  Mr. Pollak filed a response on September 19, 2014, ECF No. 16, and Plaintiff filed a reply brief on October 3, 2014, ECF No. 18.

**II.     DISCUSSION**

To grant a motion for summary judgment, the Court must determine that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute regarding a material fact is "genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. Of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (internal quotation marks and citation omitted).  In assessing a summary judgment motion, the Court must resolve all ambiguities, including credibility questions, and draw all inferences from the record as a whole in favor of the non-moving party.  *Kayton v. Elec. Boat Corp.*, 609 F.3d 537, 546 (2d Cir. 2010).

In the tax context, the government's assessments are entitled to a presumption of correctness.  As long as they contain a 23C date, Form 4340s "are consistently regarded as presumptively correct and as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of the notices and assessments listed therein." *United States v. Jaeger*, No. 3:08-cv-513 (WWE), 2009 WL 4730484, at *2 (D. Conn. Dec. 2, 2009) (citations omitted); *Sitka*, 1994 WL 389473, at *3.  Submission of a Form 4340 with 23C dates, therefore, makes out a *prima facie* case of tax liability.  Plaintiff has submitted a Form 4340 with 23C signature dates for each of the years and amounts for which it believes Defendant owes taxes.  *See* Ex. 1-4.  The Forms also indicate that Mr. Pollak was given notice of these obligations multiple times and that the IRS demanded payment.  *Id.*; Ex. 5, Bishop Decl. ¶ 6.  Based on Ms.

4

Bishop's review of IRS records and computation of relevant accruals, as of July 28, 2014, Mr. Pollak owed a total of $178,941.36.  Ex. 5, Bishop Decl. ¶ 3; Pl.'s 56(a)(1) Stmt. ¶ 11, ECF No. 13.[1]  Thus, Plaintiff has made out a *prima facie* case that Mr. Pollak owes this amount in unpaid income taxes, penalties, and interest.

In order to defeat the presumption to which these Forms are entitled and, as a corollary, Plaintiff's summary judgment motion, Mr. Pollak must prove by a preponderance of the evidence that the assessment was based on factually incorrect information or exceeded the true tax liability.  *United States v. Lease*, 346 F.2d 696, 700-701 (2d Cir. 1965) ("A taxpayer's challenge must persuade the trier by a preponderance of the evidence that the assessment is erroneous.").  To create a genuine issue as to the amount of his tax liability, Mr. Pollak must identify "specific evidence" that demonstrates the proper amount of his tax liability.  *Gitlow v. United States*, 319 F.Supp.2d 478, 481 (S.D.N.Y. 2004)(citing *La Bow v. Commissioner*, 763 F.2d 125, 131 (2d Cir. 1985)).

In his opposition, for the years 2000, 2001, and 2003, Mr. Pollak does not offer any evidence to cast doubt on the amounts of the assessments or the propriety of the notice given.[2]  Thus, this Court grants summary judgment in favor of the Plaintiff for the years 2000, 2001, and 2003.

---

[1] Ms. Bishop's Declaration lists a few "collection fees" that were assessed in 2013, which do not appear in the Forms 4340 submitted to the Court for the years 2000, 2001, and 2003.  The Forms submitted appear to have been issued before 2013.  Because Plaintiff does not introduce any evidence or argument to controvert any of the amounts listed as "collection fees," there is no genuine dispute of material fact and the Court accepts Plaintiff's calculation as valid. *Gitlow v. United States*, 319 F.Supp.2d 478, 481 (S.D.N.Y. 2004) (citing *La Bow v. Commissioner*, 763 F.2d 125, 131 (2d Cir. 1985)).

[2] The Plaintiff filed the Complaint within the statutory period with respect to all three years.  The liabilities for the years 2001 and 2003 were assessed in 2004, meaning the ten-year period had not elapsed when the Plaintiff filed this lawsuit in February 2013.  *See* 26 U.S.C. §6502(a)(1) (providing a statute of limitations period of ten years from the date of assessment for the collection of taxes).  The statute of limitations was tolled for 208 days for the year 2000 tax liability by the Defendant's request to have a due

In his opposition, Mr. Pollak makes two arguments with respect to the 1997 tax year. First, he argues that the IRS erred substantively in assessing his 1997 tax liability. Second, he argues that the ten-year statute limitations for civil actions to collect taxes bars this lawsuit.  The Court will address each argument in turn.

### A.     Substantive Liability for 1997 Tax Year

First, Mr. Pollak argues that the IRS should have permitted the net operating loss carryback he sought for 1997, meaning that his tax liability would have been zero.  As proof of this alleged mistake on the part of the IRS, he offers only his own belief that disallowing the carryback was incorrect because "it was a good and valid net operating loss carryback which properly reduced the amount of my outstanding 1997 tax liability." Pollak Aff. ¶ 10.

He also contends that the Form 4340 for 1997 reflects an erroneous assessment date of May 2, 2005, and that this irregularity makes it unreliable as a whole.  He believes that the date of the assessment triggering his 1997 tax liability is June 5, 2000, the original date on which the IRS assessed the $67,985 amount to which the carryback applied.  Ex. 1, 1997 Form 4340 at 1; Pollak Aff. ¶¶ 8-9.  When the carryback was disallowed in February 2005, Mr. Pollak believes that the IRS essentially reinstated a portion of the tax liability assessed on June 5, 2000 and thus, the appropriate assessment date is June 5, 2000.  Pollak Aff. ¶¶ 8-9*.*  Plaintiff counters that the proper

---

process hearing, which he made on December 23, 2002.  *See* 26 U.S.C. §§6330(d)-(e) (providing that the statute of limitations is tolled while "such hearing, and appeals therein, are pending").  The determination became final on July 20, 2003, thirty days after the determination was mailed, which was the last day Mr. Pollak could have appealed the decision but did not. S*ee* 26 C.F.R. §301.6330-1(g)(1) (noting that the statute of limitations under section 6502 is tolled until "the determination resulting from the CDP hearing becomes final by expiration of the time for seeking judicial review"); 26 U.S.C. §6330(d) (providing thirty days to appeal a determination). Thus, the Complaint was timely filed for the 2000 tax year, within 10 years plus 208 days after the assessment or before March 15, 2013.

6

assessment date is May 2, 2005, because it is the date listed on the Form 4340.  Ex. 1, 1997 Form 4340 at 5.

Because the IRS has presented a valid Form 4340 with a 23C signature date, the burden is on Mr. Pollak to show that the assessment is incorrect.  *Lease*, 346 F.2d at 700-701.  The assessment date in the certificate or Form 4340 is also presumptively valid.  *United States v. Red Stripe, Inc.*, 792 F.Supp. 1338, 1341 (E.D.N.Y. 1992) (citations omitted).  Mr. Pollak has provided no evidence, other than his own belief, that the May 2, 2005 assessment date is erroneous or that the carryback should have been allowed.  The Court cannot deny summary judgment based merely on Mr. Pollak's belief, no matter how sincere, that the IRS made a mistake.  *See Schiff v. United States*, No. N-86-354 (WWE), 1989 WL 119410, at *4 (D. Conn. Sept. 6, 1989) (finding that "conclusory denials and bald assertions" were "insufficient, without more, to withstand the granting of [the government's] summary judgment motion").  He must present affirmative evidence showing that the IRS made a mistake.  Because he has failed to do so, the Court cannot deny summary judgment for the 1997 tax liability on this ground.

**B.   Statute of Limitations for the 1997 Tax Year**

Second, Mr. Pollak argues that the statute of limitations bars this suit because the assessment occurred on June 5, 2000, and Plaintiff did not bring this lawsuit until February 2013.  Since the statute of limitations is an affirmative defense, Mr. Pollak has the burden of establishing that it bars this action.  *United States v. Hesse*, No. 87 CIV. 1499 (LBS), 1990 WL 6562, at *4 (S.D.N.Y. Jan. 23, 1990) (citations omitted).  The relevant statute of limitations requires that the IRS seek collection on any assessments "within ten years after the assessment of the tax." 26 U.S.C. § 6502(a)(1).  The assessment occurs on the date the Form 23C is signed, which is presumptively the

valid assessment date. *Red Stripe, Inc.*, 792 F.Supp. at 1341; *Sitka*, 1994 WL 389473, at *3.

As discussed above, Mr. Pollak has not offered evidence, other than his own impression, that the May 2, 2005 assessment date is incorrect. Moreover, Mr. Pollak has not cited any authority in favor of his position that the assessment date for a carryback occurs at some time other than the 23C signature date. Thus, the Court finds that the May 2, 2005 date is the valid assessment date for the 1997 tax liability, and the date on which the ten-year statute of limitations began to run. As a result, this action was timely because it was initiated before May 2, 2015. Accordingly, the Court grants summary judgment in favor of the Plaintiff with respect to the 1997 tax year.

### III.     CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED** on all counts, and the Court enters judgment in favor of the Plaintiff in the amount of $178,941.36 plus any applicable interest calculated under 26 U.S.C. §§ 6621-22 that has accrued since July 28, 2014. The Clerk is instructed to enter judgment in accordance with this ruling and close the case.

**SO ORDERED** this 13th day of May 2015, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge